UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

TERRY E. MCCLAIN,

    Plaintiff,

v                                                CASE NUMBER: 1:17-CV-0049

TENAX CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Terry E. McClain ("Plaintiff"), hereby files this complaint and sues Tenax Corporation ("Defendant") pursuant to 29 U.S.C.§ 216(b) of the Fair Labor Standards Act ("FLSA"), 42 U.S.C. § 12101, *et seq.,* the Americans with Disabilities Act ("ADA"), and alleges:

## JURISDICTION AND PARTIES

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, 29 U.S.C. §216(b) and 42 U.S.C. § 12101, *et seq*.

2.    Venue is proper in this Court, the Southern District of Alabama, pursuant to 28 U.S.C. §1391(b)(c).

3.    Plaintiff, Terry E McClain, is an adult resident of the state of Alabama and was employed by Defendant, Tenax Corporation.

1

4. Defendant, Tenax Corporation. is a corporation registered to do business and in fact conducting business in Evergreen, Alabama.

5. All the events giving rise to this cause of action occurred in the Southern District of Alabama.

## FACTUAL BACKGROUND

6. Plaintiff began his employment for Defendant as a full-time janitor on May 12, 2014.

7. Plaintiff suffers from a qualified disability insofar as both of his hands and one of his feet are deformed such that he lacks the ability to perform tight grasping with his hands and cannot walk long distances or climb without significant discomfort or frequent breaks.

8. Plaintiff is a recipient of Social Security Disability benefits as a result of the deformities to his hands and feet and was employed under the Ticket to Work program of the Social Security Administration.

9. Defendant was aware of Plaintiff's disabilities and accommodated him by providing him an office in which he could take frequent breaks amidst his janitorial duties.

10. On or about March 11, 2016, Plaintiff was told he would no longer be allowed to work full-time and his schedule was reduced to only 20 hours per week.

11. On or about April 25, 2016, Plaintiff was returned to full-time work as a wrapper and forklift operator under supervisor Ben Ward.

12. On or about April 25, 2016, Defendant's plant manager, Melvin Owens advised Plaintiff he would be required to perform his janitorial duties in addition to the wrapper/forklift operator duties.

13. Plaintiff complained to Melvin Owens, Ben Ward and the safety director, Donald Mixon, repeatedly that he was unable to do both the janitor and wrapper/forklift operator jobs, both of which were full-time jobs, and that the wrapper/forklift operator job was aggravating his disabilities, particularly his hands associated with repeatedly wrapping pallets, and his feet with regard to repeatedly climbing in and out of the forklift.

14. After complaining repeatedly every week, Defendant hired a replacement janitor named "Marcus" on or about June 21, 2016.

15. Despite the hiring of another janitor, Defendant's plant manager, Melvin Owens advised Plaintiff he would still be required to perform janitorial duties on the upper floor (the offices and restrooms) and to assist Marcus on the lower floor as needed in addition to Plaintiff's full-time work as a wrapper/forklift operator.

16. Plaintiff again advised that the wrapper/forklift operator job was aggravating his hand and foot disabilities and that he could not perform both the

janitorial duties and the wrapper/forklift operator duties, but was offered no accommodation.

17. Plaintiff was constructively discharged as a result on or about July 7, 2016.

18. Plaintiff was initially denied unemployment compensation pursuant to Ala. Code 25-4-78(2), but after appealing his initial denial of unemployment benefits and a telephone hearing, the State of Alabama Department of Labor determined that Plaintiff had good cause to leave employment voluntarily as follows:

> The evidence also shows by the preponderance of evidence that the claimant had good cause in connection with the work itself for leaving his position as the new work the employer gave the claimant as a fork lift driver was aggravating his disability. The claimant did make an attempt to resolve this issue and retain his original job, to no avail, prior to quitting.

See Exhibit A attached hereto.

19. Plaintiff filed a notice of claim with the Equal Employment Opportunity Commission against Defendant and received a Notice of Right to Sue on or about January 12, 2017.

## COUNT I -- VIOLATION OF THE FAIR LABOR STANDARDS ACT

20. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 19, above.

21. Defendant is an employer engaged in commerce pursuant to the FLSA and 29 U.S.C. §203(s) and, at all times material hereto, engaged in commerce within the meaning of the FLSA.

22. At all times relevant to this action, Defendant was an "employer" of Plaintiff as defined by §203(d) of the FLSA.

23. At all times material to this action, Plaintiff has been an "employee" of Defendant as defined by §203(e)(i) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

24. Plaintiff was employed as a janitor and also as a wrapper and forklift operator for Defendant within three (3) years of the filing of this action and so worked between the years of 2014 and 2016.

25. Plaintiff regularly worked in excess of 40 hours per week and was paid an hourly rate of $10 by Defendant.

26. Plaintiff did not receive wages at the rate of time and one-half the typical hourly rate for the hours worked in excess of 40 hours in a given work week.

27. Plaintiff was not compensated for his work as a janitor when he was given the duties of a wrapper and forklift operator on or about April 25, 2016 through July 7, 2016.

28. Plaintiff's forklift and wrapping duties that began on April 25, 2016 consisted of full-time employment of 40 hours per week, on weekdays, between 7:30 a.m. and 4:00 p.m.

29. Plaintiff was advised that he would still be required to perform all janitorial duties on the upper floor of the Defendant's facility (consisting primarily of the offices and bathrooms) in addition to his work as a wrapper and forklift operator and that he would be required to find time to do it and would not be paid overtime.

30. Defendant, including many co-employees and specifically the plant manager, Melvin Owens, the Safety Director, Donald M. Mixon, and another forklift driver, Sam Brown, were aware that Plaintiff reported to work at 6:00 a.m. and worked off the clock between 6:00 a.m. and 7:30 a.m. performing his janitorial duties.

31. Plaintiff is owed by Defendant compensation for his overtime hours and Defendant has willfully failed to compensate him.

32. Defendant is aware that Plaintiff routinely worked in excess of 40 hours per week.

33. Defendant willfully and/or wantonly violated the FLSA by failing to compensate overtime hours worked in excess of 40 hours in given work week at a rate of one and one half times the regular hourly rate of pay.

34. Plaintiff has complained to Defendant that they were failing to compensate his overtime wages in accordance with FLSA requirements and Defendant has willfully failed and refused to properly compensate Plaintiff's overtime wages.

35. Plaintiff has also complained that he was not properly compensated for two jobs and requested a raise if he was not going to be paid overtime for his janitorial duties.

36. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation at the rate of time and one-half per hour for hours worked in excess of 40 hours per week in accordance with §207(a) of the FLSA.

37. Plaintiff has been damaged as a result of Defendant's actions and has suffered a loss of wages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A. That the Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award Plaintiff the amount of his unpaid overtime wages plus an additional equal amount as liquidated damages;

C. That Plaintiff be awarded reasonable attorney's fees, costs and other expenses of suit;

D. For such other, further or different relief as this Court deems equitable and proper in the premises.

## COUNT II -- AMERICANS WITH DISABILITIES ACT

38. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

39. Plaintiff is a disabled person as defined by the ADA in that (a) he has a physical impairment; (b) he has a record of such impairment, and (c) he is regarded as having such an impairment.

40. Defendant, Plaintiff's employer, failed to accommodate Plaintiff as required by the ADA.

41. As a result of the foregoing, Plaintiff was caused to be injured and damaged; to have his career significantly and adversely impacted; to forgo compensation and benefits; and to endure embarrassment, mental anguish and emotional distress.

42. Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

A. Injunctive relief;

B. Pre-judgment interest;

C. Attorneys' fees;

D. Costs;

E. Punitive damages to deter such conduct in the future;

F. Compensatory damages for loss of wages, loss of benefits, embarrassment, mental anguish, and emotional distress;

G. Such other relief as to which he may be entitled.

## **COUNT III -- RETALIATION**

43. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

44. In taking the above-described actions, Defendant intentionally and wrongfully retaliated against Plaintiff for his requests for accommodations under the ADA and his requests for overtime pay or a raise to account for his being required to work two full-time jobs without any additional compensation.

45. As a result of this retaliation, Plaintiff has suffered and will continue to suffer damage to his professional life and career opportunities, pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

A. Injunctive relief;

B. Pre-judgment interest;

C. Attorneys' fees;

D. Costs;

E. Punitive damages to deter such conduct in the future;

F. Compensatory damages for loss of wages, loss of benefits, embarrassment, mental anguish, and emotional distress;

G. Such other relief as to which he may be entitled.

Dated this 26th day of January 2017.

Respectfully submitted,

By: */s/ Edward I. Zwilling*
Edward I. Zwilling, Esq.
Bar No.: ZWILE1564

**OF COUNSEL:**
Schwartz, Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com

## JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY.

*/s/ Edward I. Zwilling*
Edward I. Zwilling, Esq.